# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARENCE PATTERSON,<br>    *Plaintiff*,<br><br>v.<br><br>CAPTAIN O'NEAL AND LIEUTENANT HASTINGS,<br>    *Defendants*. | No. 3:21-cv-00287 (VAB) |

## INITIAL REVIEW ORDER

On March 3, 2021, Clarence Patterson ("Plaintiff"), currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed a Complaint *pro se*, under 42 U.S.C. § 1983 against Willard-Cybulski Correctional Institution Captain O'Neal and Lieutenant Hastings for damages. Compl., ECF No. 1 (Mar. 3, 2021).

For the following reasons, the Court will **DISMISS** Mr. Patterson's Complaint without prejudice for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure. To avoid the dismissal of this Complaint with prejudice, Mr. Patterson must file an Amended Complaint by **July 2, 2021** that complies with Rule 8.

### I.  BACKGROUND

Mr. Patterson's Complaint consists of 179 allegations and 24 pages of exhibits. He appears to assert claims about his loss of legal materials and retaliatory conduct toward him by Captain O'Neal and Lieutenant Hastings, but the Complaint requires the Court and Defendants to discern the relevant allegations amidst those that are not relevant to any plausible Fourteenth or First Amendment claims against the defendants.

1

He asserts allegations about, *inter alia*, Captain O'Neal and Lieutenant Hasting illegally seizing some of his legal materials while he was having surgery; "spats" between himself and Captain O'Neal; a pillow that he agreed to have discarded to avoid receiving a disciplinary report; a disciplinary report from the "slick black captain" for insulting language and threats; a disciplinary report written by Captain O'Neal after he would not agree to drop a file he had given to Officer Ayala to give to Officer Santiago to e-file to the court during "block med call;" his speculation that Captain O'Neal opened his legal mail; his placement in a cell at MacDougall-Walker with a mentally-challenged individual; his MacDougall cell mate's mental health episode and Lieutenant Cardon's failure to remove the inmate from the unit, which permitted the cell mate to injure Mr. Patterson so that he had to have medical attention at UCONN; his blurred vision and ear ringing resulting from his injury; his letters to Warden Barone about why he should not be in jail; and his being stripped in front of Lieutenant Hastings, who is female. Compl.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101-02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

## II.  DISCUSSION

A plaintiff's complaint must "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint's claim for relief must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Under Rule 8, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 requires that a statement for relief be plain "because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Rule 8 serves to relieve the Court and Defendants of the "unjustified burden" of having "to select the relevant material from a mass of verbiage." *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (quoting *Salahuddin*, 861 F.2d at 42). Even with the special solicitude afforded to Mr. Patterson as a *pro se* plaintiff, dismissal of this Complaint is warranted. Mr. Patterson has filed a Complaint that is neither short nor plain. Nor are his 179 allegations "simple, concise, and direct" as required by Federal Rule of Civil Procedure 8. Notably, his Complaint is not clear about the specific conduct giving rise to any First Amendment retaliation claims, as it includes many allegations that do not appear relevant to any acts taken by the named Defendants. Mr. Patterson may have plausible claims to assert against these Defendants. But any such claims should be stated in "simple, concise, and direct" allegations. *See* Fed. R. Civ. P. 8 (d)(1).

If Mr. Patterson chooses to amend his Complaint, he must allege nonconclusory factual allegations that clearly set forth the circumstances underlying each of his claims for relief. His allegations must state facts about how any defendant whom he seeks to hold liable for damages

4

violated his rights through his or her conduct, because a defendant's personal involvement in an alleged constitutional violation is a prerequisite to hold a defendant liable for an award of damages under section 1983. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994)).

Accordingly, the Court will dismiss the Complaint without prejudice to the filing of an Amended Complaint that complies with Rule 8.

### ORDERS

For the foregoing reasons, the Complaint is **DISMISSED** without prejudice under 28 U.S.C. §1915A. The Court will afford Mr. Patterson one opportunity to file an Amended Complaint, by **July 2, 2021**, to assert his claims for relief in an Amended Complaint that complies with Federal Rule of Civil Procedure 8. Failure to file an Amended Complaint by **July 2, 2021** will result in the closing of this case with prejudice, absent further order of the court.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of June, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE